IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CR No. 17-2481 KG

JAVIER TREVIZO,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's *pro se* Motion for Compassionate Release, filed July 24, 2020. (Doc. 135). The Government filed a response to the motion on August 5, 2020. (Doc. 136). Defendant seeks compassionate release or home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A) because he alleges the COVID-19 pandemic poses an unreasonable risk of harm in federal prison. Having carefully reviewed the record and applicable law, the Court will deny the Motion for Compassionate Release without prejudice.

*I. Background*

On November 21, 2017, Defendant pled guilty to the charge of Distribution of 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. 86). On September 11, 2018, the Court sentenced Defendant to 70 months imprisonment, followed by five years of supervised release. (Doc. 123). Defendant is incarcerated at FCI Terminal Island and has served approximately 36 months of that sentence and is eligible for release on August 10, 2022. *See* https://www.bop.gov/inmateloc/ (site last visited August 18, 2020).

On July 24, 2020, Defendant filed the instant Motion seeking compassionate release because he has tested positive to COVID-19. (Doc. 135). Defendant states he has been in quarantine lockdown in his dormitory for four months, but he has access to the law library. Defendant also asks the Court to appoint counsel to pursue this motion. *Id.*

In response, the Government states it does not appear Defendant has exhausted his exhausted his administrative remedies by requesting compassionate release or home detention from the warden of his current facility. (Doc. 136) at 5, n.1. Accordingly, the Government asks the Court to dismiss Defendant's Motion without prejudice. *Id.* at 7.

*II. Legal Standard*

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ." 18 U.S.C. § 3582(c)(1)(A).

Aside from allowing prisoners to bring a motion directly, the First Step Act did not change the standards for compassionate release. Relief is available where the sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)."

18 U.S.C. § 3582(c)(1)(A)(i)-(ii). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including ... a list of specific examples." 28 U.S.C. § 994(t). *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. n.1.

Some courts have found "extraordinary and compelling reasons" to justify compassionate release where the defendant's serious underlying health conditions place him at high risk of infection and death from COVID-19. *See United States v. McCarthy*, 2020 WL 1698732, at *5 (D. Conn.) (collecting cases involving asthma, diabetes, and compromised immune systems); *United States v. Jenkins*, 2020 WL 2466911, at *6 (D. Colo.) (releasing inmate based on age and stroke risk); *United States v. Lopez*, 2020 WL 2489746, at *3 (D.N.M.) (analyzing release based on age, blood pressure, and diabetes). However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Nwankwo,* 2020 WL 2490044, at *1-2 (S.D.N.Y.) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

*III. Discussion*

As an initial matter, the Court denies request for appointment of counsel because the constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Denson v. Abbott*, 301 Fed. Appx. 805, 807 (10th Cir. 2008) (unpublished) ("[T]here is no federal constitutional right to the assistance of counsel in post-conviction proceedings."); *United States v. Olden*, 296 Fed. Appx. 671, 673 (10th Cir. 2008) (unpublished) ("[N]o right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c).").

As for Defendant's request for compassionate release, Defendant does not allege that he exhausted his administrative remedies before filing his Motion with the Court, and the Government states it was unable to find a record of exhaustion from the facility where Defendant is located. *See* (Docs. 135, 136). As one court recently explained, "[t]he submission of a sufficient record to show exhaustion … is fundamental to this Court's function in deciding a compassionate release motion. Congress clearly wanted these applications decided at the administrative level if possible." *United States v. Bolino*, 2020 WL 32461, at *2 (E.D.N.Y.). Therefore, the record does not demonstrate that Defendant has exhausted his administrative remedies with the BOP. *See United States v. Read-Forbes*, 2020 WL 1888856, at *3 (D. Kan.) ("Based on the 'text, context, and relevant historical treatment' of Section 3582(c), the Court treats as jurisdictional the administrative exhaustion requirement in subsection (c)(1)(A).") (quoting *Musacchio v. United States*, 136 S.Ct. 709, 717 (2016)); *see also United States v. Saldana*, 2020 WL 1486892, at *4 (10th Cir.) (holding district court should dismiss Section

3582(c) motion for lack of jurisdiction if movant fails to show that Section 3582(c) authorizes relief).

In addition, to the extent Defendant also seeks home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), he must direct that request to the BOP. Before the CARES Act, the BOP could place an inmate in home confinement for the lesser of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(2). Under the CARES Act, and based on the Attorney General's declaration that the COVID-19 pandemic will materially affect BOP functioning, the BOP Director now may "lengthen the maximum amount of time for which [he or she] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. Law 116-136, 134 Stat. 281, § 12003(b)(2); *see* Memorandum from Attorney General William Barr to Director of BOP, dated Apr. 3, 2020, at 1, https://www.justice.gov/file/1266661/download (last visited July 13, 2020) (finding because of COVID-19, emergency conditions are materially affecting functioning of the BOP). The CARES Act, however, does not authorize the Court to release an inmate on home detention or to review the BOP's decision not to do so. *See Read-Forbes*, 2020 WL 1888856, at *5 ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Warren*, 2020 WL 2849908, at *2 (D. Kan.) (same). To the extent Defendant has not already done so, he should direct any request under the CARES Act to the BOP through his case manager.

*IV. Conclusion*

Based on the foregoing, the Court finds the Motion is procedurally defective and will deny the Motion without prejudice. Defendant may refile a motion to include more information about exhaustion of BOP remedies.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. 135) is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE